STATE OF NORTH CAROLINA v. DONALD RAY ALLEN

No. 7315SC739

(Filed 24 October 1973)

Criminal Law § 97— possible misidentification of defendant — refusal to reopen case for additional evidence — new trial

Where the possibility of a mistaken identification of defendant was obviously present in this armed robbery case, the trial court

should have allowed defendant's motion to reopen the case after it had been submitted to the jury in order that the jury should be given the benefit of hearing the testimony of an additional witness under whose supervision defendant allegedly worked on the day the crime was committed.

APPEAL by defendant from *Bailey, Judge,* 18 June 1973 Criminal Session of Superior Court held in ORANGE County.

Defendant was indicted for armed robbery and pled not guilty. At the trial, which was held in June 1973, two witnesses for the State, one of whom was the victim of the robbery, gave positive in-court identification of defendant as the person who appeared at the used car lot of Merritt Motors located on Franklin Street in Chapel Hill on the afternoon of 19 May 1972 and there robbed the proprietor of $780.00 after beating him on the head with a pistol and threatening to shoot. The State's evidence indicated the robbery occurred at 3:00 or 4:00 p.m.

Defendant testified that on 19 May 1972 he was employed by a sheet metal company in Raleigh, N. C., and on that day worked a full eight-hour shift putting up screen around a cooling tower on top of the State Highway Building in Raleigh. He testified that he did not get off from work until 4:00 p.m., when he was paid for the week. Defendant's brother testified he saw defendant in a Raleigh bank at 4:15 p.m. on 19 May 1972. The custodian of the time card records of the company for which defendant worked testified that its employees worked from 7:30 a.m. to 4:00 p.m. and that defendant's time card for 19 May 1972 showed he had worked eight hours that day on the State Highway Building. On cross-examination this witness testified that he had not himself seen defendant on 19 May 1972 and that his records indicated that the supervisor who signed defendant's time card had himself been on the job for only four and one-half hours that day.

The jury found defendant guilty as charged. Judgment was entered sentencing defendant to prison for a term of thirty years. Defendant appealed.

*Attorney General Robert Morgan by Associate Attorney General W. A. Raney, Jr., for the State.*

*Manning, Allen & Hudson by Frank B. Jackson for defendant appellant.*

PARKER, Judge.

After both sides rested and the case was submitted to the jury, defendant's counsel moved to reopen the case in order that he might present the testimony of an additional witness. The trial court denied the motion but permitted defendant's counsel to place in the record what the testimony of the witness would be. The witness then testified for the record that on 19 May 1972 he was employed by the same company as defendant and on that day defendant was working under his general supervision, but he was not the same person who had signed defendant's time card for that day; that two or three weeks prior to the trial he told defendant's counsel he did not remember whether defendant was on the job on 19 May 1972 and for that reason no subpoena was issued for him; that since having that conversation and after defendant's brother had called him on the preceding night and told him it was urgent if he could remember anything, he had reviewed his own time cards for 19 May 1972 and now remembered exactly where he was on that date; that he knew that at about 3:00 p.m. on 19 May 1972 defendant was on the State Highway Building putting up screen around the cooling tower; that on 19 May 1972 he had himself worked on another job for two hours in the morning but had worked with defendant on the State Highway Building job from 9:30 a.m. until 4:00 p.m.; and that he felt he had shirked his responsibilities to the court.

"It is well settled that it is within the discretion of the trial judge to reopen a case and to admit additional evidence after both parties have rested and even after the jury has retired for its deliberations." *State v. Shutt,* 279 N.C. 689, 185 S.E. 2d 206. Ordinarily, the trial judge's ruling, whether to reopen or to refuse to reopen, being a matter within his sound discretion, will not be reviewed on appeal. However, because of the special circumstances of the present case, we have elected to review the ruling in this case and are of the opinion that defendant should be granted a new trial.

The State's evidence revealed the commission of a brutal and vicious crime by someone. The sole issue was defendant's identity as the person who committed it. The record reveals that the State's witnesses, who saw the robber only briefly at the time the crime was committed, did not identify the defendant as the perpetrator until on or about 23 February 1973, some nine months after the crime was committed. At that time they

selected defendant's picture from a group of photographs shown them by the police. Defendant was then in jail in Raleigh, apparently charged with some other offense, and one of the State's witnesses, the victim of the robbery, after identifying defendant's picture, was permitted to view the defendant through a one-way glass while defendant was being interrogated by two police officers at the Raleigh jail. While the trial court, after a voir dire hearing, found that the identification of defendant by the State's witnesses "was proper and was not tainted by any suggestion of improper procedure," nevertheless the possibility of a mistaken identification is obviously present under the procedure followed in the present case. Under these circumstances, it is our opinion that the trial judge should have allowed defendant's motion to reopen the case in order that the jury should be given the benefit of hearing the testimony of the additional witness in arriving at their verdict. Accordingly, defendant is awarded a

New trial.

Judges HEDRICK and BALEY concur.